# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**13-1238**


**KENYON BUDWINE**

**VERSUS**

**OFFENDER ALTON MARKS**


********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2013-325
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

********

**JIMMIE C. PETERS**
**JUDGE**

********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, Elizabeth A. Pickett, Billy Howard Ezell, and Shannon J. Gremillion, Judges.


**REVERSED AND REMANDED.**


Gremillion, J., dissents and assigns written reasons.

**Kenyon Budwine**
**DOC #50211**
**Allen Correctional Center - Jupiter A1**
**3751 Lauderdale Woodyard Road**
**Kinder, LA 70648**
**IN PROPER PERSON**

**PETERS, J.**

The plaintiff, Kenyon Budwine, an inmate of the Allen Correctional Center, appeals the trial court's dismissal of his tort action against the private corporation operating that prison as well as several of its employees. For the reasons that follow, we reverse the trial court judgment dismissing Mr. Budwine's suit against the named defendants and remand this matter to the trial court for further proceedings.

### DISCUSSION OF THE RECORD

On September 5, 2013, Mr. Budwine filed a tort suit in the Thirty-Third Judicial District Court against GEO, Inc., the operator of the Allen Correctional Center in Allen Parish, Louisiana, several GEO employees, and Alton Marks, a fellow inmate. Mr. Budwine's tort claim arises from a physical attack on him by Mr. Marks during a September 4, 2012 recreation break in the prison yard. According to Mr. Budwine's allegations in his petition, on that day, Mr. Marks was allowed by the GEO employees to enter the recreation area despite being restricted from participating in the recreation break due to a disciplinary matter. Mr. Budwine asserted in his petition that toward the end of the break while the inmates were returning to their cells, Mr. Marks attacked him with a piece of aluminum wire taken from the prison fencing. Mr. Budwine claims to have sustained cuts to his face and neck as a result of the attack. Mr. Budwine's petition is silent concerning his compliance with any administrative remedies he might have had available to him.

The day after Mr. Budwine filed his suit, and before service was had on any of the defendants, the trial court issued a judgment dismissing Mr. Budwine's claims against GEO and its employees based on its conclusion that Mr. Budwine

failed to timely comply with the administrative remedies provided by the Correctional Administrative Remedy Procedure Act, La.R.S. 15:1171-1179.[1]

On appeal,[2] Mr. Budwine seeks reversal of the trial court's judgment dismissing his claims against GEO and the employee defendants.

## OPINION

The trial court based its decision to dismiss Mr. Budwine's suit against GEO and its employees without allowing issue to be joined on La.R.S. 15:1172 and the judicial screening provisions of La.R.S. 15:1184(B). We find that the trial court erred in relying on these statutes to dismiss Mr. Budwine's suit.

Louisiana Revised Statutes 15:1172(A) provides, in pertinent part, that:

> Upon adoption of the administrative remedy procedure, in accordance with the Administrative Procedure Act, and the implementation of the procedure within the department or by the sheriff, this procedure shall constitute the administrative remedies available to offenders for the purpose of preserving any cause of action they may claim to have against . . . the contractor operating a private prison facility or any of its employees[.]

With regard to the time limitations for filing a claim for an administrative remedy, La.R.S. 15:1172(B)(1) (emphasis added) provides that "[a]n offender *shall* initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained." The penalty for failure to timely initiate administrative remedies is found in La.R.S. 15:1172(C), which states:

> If an offender fails to timely initiate or pursue his administrative remedies within the deadlines established in Subsection B of this Section, his claim is abandoned, and any subsequent suit

---

[1] With regard to the remaining claim against Mr. Marks, the trial court rejected Mr. Budwine's application for forma pauperis status, finding that he had used an inappropriate form in his application. Mr. Budwine initially raised this issue on appeal, but subsequent to filing his motion for appeal, he was granted the right to proceed in forma pauperis. Therefore, this issue has been rendered moot and we will not consider it on appeal.

[2] Mr. Baldwin couches his assignments of error in the form of "Questions and Issues Presented."

asserting such a claim shall be dismissed with prejudice. If at the time the petition is filed the administrative remedy process is ongoing but has not yet been completed, the suit shall be dismissed without prejudice.

Louisiana Revised Statutes 15:1177 provides a special form of judicial review for decisions related to non-delictual complaints rendered through the administrative process established in La.R.S. 15:1172. With regard to the judicial review of these complaints, La.R.S. 15:1177(A) provides that the inmate dissatisfied with an adverse decision involving a complaint against a contractor operating a private-prison facility "may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having jurisdiction in the parish in which the sheriff is located[.]" Thereafter, La.R.S. 15:1177(A) sets forth the specific and exclusive steps that may be taken in the judicial-review process for non-delictual complaints.

Additionally, these non-delictual complaints are subject to a special initial judicial screening process pursuant to La.R.S. 15:1178 (emphasis added):

> A. When a clerk of court receives a petition for judicial review filed under the provisions of R.S. 15:1177, the clerk *shall* transmit the petition to the appropriate division or official of the court prior to taking any action on the petition.

> B. The court, as soon as practicable after receiving the petition, *shall* review the petition to determine if the petition states a cognizable claim or if the petition, on its face, is frivolous or malicious, or fails to state a cause of action, or seeks monetary damages from a defendant who is immune from liability for monetary damages.

> C. If the court determines that the petition states a cognizable claim, the court *shall* return the petition to the clerk of court for service of process.

> D. If the court determines that the petition, on its face, is frivolous, or fails to state a cause of action, or seeks monetary damages from a defendant who is immune from liability for monetary

3

damages, the court *may* dismiss the petition, or any portion of the petition, without requiring the exhaustion of administrative remedies.

In fact, La.R.S. 15:1179 prohibits the clerk of court from effecting service of process of a petition filed under the provisions of La.R.S. 15:1177 "until the petition has been reviewed by the court and has been found to state a cognizable claim."

However, La.R.S. 15:1177(C) makes it clear that the special form of judicial review for non-delictual complaints handled through the administrative process and the judicial screening process of La.R.S. 15:1178 does not apply to delictual complaints initiated through the administrative review process. Louisiana Revised Statutes 15:1177(C) (emphasis added) provides, in pertinent part, that "[t]his Section *shall not apply* to delictual actions for injury or damages, however styled or captioned. Delictual actions for injury or damages shall be filed separately as original civil actions." Thus, instead of the step-by-step judicial-review procedure mandated by La.R.S. 15:1177(A) for non-delictual complaints first subject to the administrative-remedy procedure, delictual complaints are treated the same as any other civil action.

In Mr. Budwine's case, the trial court did not review his petition under La.R.S. 15:1178. Instead, it reviewed the petition pursuant to the authority provided in La.R.S. 15:1188. While La.R.S. 15:1188 contains judicial screening language similar to that in La.R.S. 15:1178, it is not a part of the Correctional Administrative Remedy Procedure Act. Instead, it comprises a part of the Prison Litigation Reform Act, La.R.S. 15:1181-1191. Unlike the Correctional Administrative Remedy Procedure Act, the Prison Litigation Reform Act provides the authority for inmates to seek remedies with respect to prison conditions.

4

La.R.S. 15:1182. Thus, we find that judicial review process of La.R.S. 15:1182 is not applicable to Mr. Budwine's suit.

Having found that neither the judicial screening provisions of La.R.S. 15:1178 nor the judicial screening provisions of La.R.S. 15:1182 are applicable to Mr. Budwine's suit and because, pursuant to the explicit terms of La.R.S. 15:1177(C), any inmate action seeking damages based on a delictual or tort action should be filed in the district court, as an original civil action and subject to the procedure applying in all civil actions, we find that the trial court erred in dismissing Mr. Budwine's suit without allowing issue to be joined with the named defendants.

## DISPOSITION

For the foregoing reasons, we reverse the judgment of the trial court dismissing GEO, Inc. and its employees from the suit filed by Kenyon Budwine and remand the matter to the trial court for further proceedings. We decline to assess costs at this time because Kenyon Budwine's suit was dismissed before issue was joined with GEO, Inc. and its employees. Costs of this appeal are to be assessed by the trial court at the termination of this litigation.

**REVERSED AND REMANDED.**

KENYON BUDWINE

VERSUS

OFFENDER ALTON MARKS

**GREMILLION, JUDGE, dissenting.**

I respectfully dissent from the majority's decision and would affirm the trial court.

Mr. Budwine is an inmate at the Allen Correctional Center in Kinder, Louisiana. He alleged in his petition that he was attacked by another inmate, Alton Marks, on September 4, 2012. Mr. Budwine sought administrative relief by filing a request for same on January 23, 2013. His relief was denied by the Secretary of the Department of Public Safety and Corrections on March 11, 2013. Mr. Budwine filed suit on September 5, 2013, in the Thirty-Third Judicial District Court in which he named Marks and several employees of GEO, Inc., and GEO itself[1] as defendants. Mr. Budwine attempted to file the matter in forma pauperis.

In accordance with La.R.S. 15:1188, the trial court reviewed Mr. Budwine's petition. The trial court found that Mr. Budwine failed to allege that he followed the Correctional Administrative Remedy Procedure Act (CARP), La.R.S. 15:1171 et seq., and specifically, that he did not pursue administrative remedies within ninety days of the tort, as is required by La.R.S. 15:1172(B)(1). Further, the trial court found that Mr. Budwine's petition failed to state a claim upon which relief

_____

[1] GEO, Inc. manages the prison.

could be granted as to his demands for punitive damages and injunctive relief. The trial court also denied the motion to allow Mr. Budwine to proceed in forma pauperis, because he had not used the correct form in his application.[2] This appeal ensued.

In dismissing Mr. Budwine's demands for injunctive relief and punitive damages, the trial court relied upon the Prison Litigation Reform Act, La.R.S. 15:1181, et seq. Section 1188 of the Prison Litigation Reform Act provides for judicial screening of all prisoner suits in no event before service on the defendants and to dismiss the petition or any portion thereof if the petition is frivolous, malicious, fails to state a cause of action, seeks money damages from an immune entity or person, or, redundantly, "fails to state a claim upon which relief can be granted." Also before service can be initiated, a prisoner is required by the Act to comply with requirements if he is proceeding in forma pauperis. La.R.S. 15:1186.

The Louisiana Supreme Court in *Pope v. State*, 99-2559 (La. 6/29/01), 792 So2d 717, declared that CARP was unconstitutional as applied to tort claims. The Louisiana Constitution vests original jurisdiction of civil claims with the district court, and CARP impermissibly divests those courts of that jurisdiction. The court determined that this divestiture was effected by virtue of the fact that under CARP, the matter would be tried by the administrative agency, and the district court was then limited to determining whether the agency had manifestly erred. However, the court also stated, "The Legislature, of course, is free to enact procedures for initial submission of tort claims by prison inmates to an administrative agency for review, for example, of frivolous claims, as long as the action of the administrative

---

[2] Mr. Budwine later filed the proper application to proceed in forma pauperis and his application was granted on September 23, 2013.

agency does not constitute the exercise of original jurisdiction." *Id.* at 720. The quoted language was footnoted, and that footnote endorsed the procedure adopted in the Prison Litigation Reform Act that requires that the district court review the petition and dismiss it or portions thereof, as noted above.

Following the decision in *Pope*, the legislature responded by amending La.R.S. 15:1172(B) to address the supreme court's decision. *See* 2002 La. Acts First Ex. Sess. No. 89, §2. *Pope* indicates that the trial court did not err in dismissing the plaintiff's petition. The legislature can require that an inmate initiate his demand by seeking administrative review. Mr. Budwine initiated administrative review, but well after the ninety-day period prescribed by La.R.S. 15:1172(B)(1); thus, the trial court properly dismissed it as to GEO and its employees. The other contentions in Mr. Budwine's appeal concerning whether he stated a cause of action against the GEO defendants and regarding whether he should be allowed to proceed in forma pauperis are rendered moot.

The judgment of the trial court in favor of all defendants except Alton Marks and against Appellant, Kenyon Budwine, should be affirmed.